IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 88 KING STREET, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-0224-BH |
| | § | |
| THE TRAVELERS COMPANIES, INC., | § | |
| and ST. PAUL FIRE AND MARINE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Pursuant to the consent of the parties and the District Court's *Order of Reassignment*, dated February 8, 2008, this case has been transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before this court are Defendant's *Motion to Compel Arbitration* and *Memorandum/Brief in Support* ("Mot."), filed June 20, 2008, Plaintiff's *Response to Motion* ("Resp."), filed December 5, 2008, and Defendant's *Reply to Response to Motion* ("Reply"), filed December 19, 2008. Based on the relevant filings, evidence and applicable law, Defendant's *Motion to Compel Arbitration* be **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

This suit was brought by 88 King Street, LLC. ("Plaintiff") against St. Paul Fire and Marine Insurance Company ("St. Paul") and its parent company, the Travelers Companies, Inc. ("Travelers," collectively "Defendants").

Defendant St. Paul issued a general liability protection policy (the "Policy"), effective

July 8, 1997, to Dillingham Construction. (Mot. at 2). The Policy covered claims arising from the premises or project described as "one Embarcadero South Apartments" (the "Project"). *Id*. In April 2000, Plaintiff purchased the project and was added to the Policy as an insured under an "Additional Protected Persons Endorsement." *Id*. After purchasing the Project, Plaintiff converted the residential units into condominiums and sold them to individual homeowners. *Id*. The homeowners in turn formed a homeowner's association ("HOA"). *Id*.

In early 2005, independent counsel for the HOA requested reimbursement of amounts paid by the HOA for improvements and repairs to the Project from Plaintiff. *Id*. Soon afterwards, the HOA filed a cross-claim against Plaintiff in a lawsuit pending in a California Superior Court (the "California Litigation"). *Id*. Plaintiff tendered the defense of the cross-claim against it to Defendants. (Resp. at 1). Defendants responded by stating that they were "currently conducting an investigation into the matter." *Id*. Plaintiff then hired its own counsel to respond to the HOA cross-claim. *Id*. Two months after sending their first response, Defendants agreed to provide a defense to Plaintiff under a reservation of rights letter. (Resp. at 1-2).

On January 8, 2008, Plaintiff filed this lawsuit against the Defendants in state court. Plaintiff asserts a claim for breach of contract, alleging that Defendants failed to perform a number of their obligations under the policy, including failing to recognize that the policy language covers lawsuits as well as pre-lawsuit claims. Plaintiff also asserts that Defendants breached their duty of good faith and fair dealing by, among other things, delaying and denying payments to Plaintiff when coverage of the claim was reasonably clear. Plaintiff further claims that Defendants engaged in deceptive insurance practices in violation of Chapter 541 of the

Texas Insurance Code by engaging in several instances of bad faith conduct. Defendants answered and removed the action to this court on February 8, 2008.

On February 21, 2008, St. Paul sent a letter to Plaintiff stating that it acknowledged Plaintiff's right to independent counsel in the California Litigation pursuant to the requirements of § 280(c). (Reply at 3, 8-9).

On June 20, 2008, Defendants filed this motion to compel arbitration of all claims asserted in this action. After several agreements to abate the briefing schedule, Plaintiff filed its response on December 5, 2008. Defendants filed their reply on December 19, 2008, and the matter is now ripe for determination.

## II. ANALYSIS

Defendants move to compel arbitration of this case under § 2860(c) of the California Civil Code.[2] Defendants argue that the statute requires arbitration of this case because it involves a claim for independent counsel fees, and all of Plaintiff's claims arise out of the dispute over the payment of independent counsel's fees. (Mot. at 7; Reply at 3).

### A. Section 2860(c) and Independent Counsel

Section 2860(c) of the California Civil Code, in pertinent part, provides that an insurer's obligation to pay fees to an insured's independent counsel is limited to rates "actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended." Cal. Civ. Code, § 2860(c). It also states that any dispute concerning attorney's fees not resolved by methods provided in an insurance policy must "be resolved by final and binding arbitration by a single neutral arbitrator selected by

---

[2] Plaintiff states that, without waiving or prejudicing any of its rights, it agrees with Defendant that California substantive law applies to this motion. (Mot. at 2-6; Resp. at 3).

the parties to the dispute." *Id*.

However, arbitration under 2860(c) is mandatory only in two situations involving attorney fee disputes. *See Handy v. First Interstate Bank of Cal.*, 13 Cal. App. 4th 917, 925 (Cal. Ct. App. 1993). First, arbitration is mandatory where the parties contest an insurer's duty to provide independent counsel for the insured, and a court previously determines that the insurer was required to provide independent counsel for the insured. *Handy*, 13 Cal. App. 4th at 923-24. The court can make this determination only if (1) the provisions of the insurance policy impose a duty to defend on the insurer and (2) a conflict of interest arises creating a duty on the part of an insurer to provide independent counsel. Cal. Civ. Code, § 2860(c); *Handy*, 13 Cal. App. 4th at 923; *Truck Ins. Exch. v. Dynamic Concepts, Inc.*, 9 Cal. App. 4th 1147, 1148-49 (Cal. Ct. App. 1992).

Second, arbitration under 2860(c) is mandatory if the insurer and insured stipulate or "unconditionally agree that independent counsel is warranted and independent counsel is actually retained" to defend the insured. *Handy*, 13 Cal. App. 4th at 925 (quoting *Dynamic Concepts*, 9 Cal. App. 4th at 1150); *see also Truck Ins. Exch. v. Super. Ct.*, 51 Cal. App. 4th 985, 992 (Cal. Ct. App. 1996). For example, the Ninth Circuit held mandatory arbitration to be applicable where letters between the insurer and independent counsel sent after the commencement of the lawsuit showed both that the parties recognized a clear conflict of interest and that independent defense counsel was actually retained by the insurer to defend the insured. *Zeevi v. Mich. Miller Mut. Ins. Co.*, 141 F.3d 1183 (9th Cir. 1998) (unpublished table decision). In *Compulink Management Center., Inc. v. St. Paul Fire and Marine Insurance*, a case where an insurer agreed to allow the insured to select independent counsel to defend it in a third-party lawsuit, the court similarly held mandatory arbitration to be applicable to the portion of the dispute involving independent counsel's fees. No.

B204797, 2008 WL 5235663, at *1,*8 (Cal. Ct. App. Dec. 17, 2008). In short, § 2860(c) arbitration becomes mandatory only after a court determines, or the parties stipulate or unconditionally agree that independent counsel is warranted.

In this case, St. Paul agreed to provide a defense to Plaintiff after Plaintiff had retained independent counsel to defend itself in the California litigation. Later, St. Paul offered to pay independent counsel an hourly rate of $170 per hour and has made payments to independent counsel using that rate. Additionally, in letters sent to Plaintiff after the instant lawsuit was filed, St. Paul stated that it would "continue to acknowledge [Plaintiff's] right to independent counsel pursuant to the requirements of California Civil Code section 2860" in the California litigation and that it had fulfilled its obligation to pay defense costs and expenses using the $170 per hour rate cap. (Reply at 8-9).

In light of these facts, the Court concludes that an unconditional agreement exists between Plaintiff and Defendants that independent counsel is warranted, thus bringing this case within the purview of § 2860. *Handy*, 13 Cal. App. 4th at 925.

**B.** **Fee Dispute**

Defendants contend that all of the claims in the lawsuit, including the fee dispute, must be arbitrated under § 2860.

Based on the plain language of § 2860(c), any and all disputes or issues concerning amount or rate of attorney fees owed to independent counsel "must be submitted to arbitration unless an alternative dispute resolution procedure is required by the insurance policy." *Long v. Century Indem. Co.*, 78 Cal. Rptr. 3d 483, 491-92 (Cal. Ct. App. 2008); *Compulink*, 2008 WL 5235663, at

*4.[3] The fact that an insured has asserted other claims such as breach of contract and breach of implied covenant of good faith and fair dealing in a complaint does not remove the fee dispute from arbitration[4]. *Compulink*, 2008 WL 5235663, at *4. Accordingly, any questions or contested issues concerning the amount of fees allegedly owed to independent counsel representing the insured are subject to arbitration under § 2860, while all other issues that fall outside the scope of § 2860 must be adjudicated in the trial court. *Id*. at *7-8. Moreover, if the gravamen of a claim is that independent counsel for the insured was not paid the requested hourly rate, that claim must be subjected to arbitration under section 2860. *See Long*, 78 Cal. Rptr. 3d at 487.

In this case, § 2860 arbitration is applicable to the question concerning the reasonable hourly rate that Defendants owe to independent counsel and must be submitted to arbitration. *Long*, 78 Cal. Rptr.3d at 491-92, *Compulink*, 2008 WL 5235663, at *4. Since the gravamen or central issue of the other claims against Defendants is not the amount or rate of fees owed to independent counsel, however, they must be adjudicated by the Court rather than an arbitrator. *Long*, 78 Cal. Rptr.3d at

---

[3] The Court recognizes *Compulink* as persuasive authority and agrees with its observation that *Fireman's Fund Ins. Cos. v. Younesi,* 48, Cal. App. 4th 451 incorrectly held that section 2860's arbitration provision only applies when the sole issue in dispute is the amount or rate of independent counsel's fees. 2008 WL 5235663 at 7. *Younesi* incorrectly relied on *Caifa Professional Law Corp. v. State Farm Fire & Casualty Co.*, 15 Cal. App. 4th 800 in making this holding because the *Caifa* decision was based on principles of comity between state and federal courts and did not hold mandatory arbitration to be inapplicable where fee disputes concerning independent counsel were intertwined with other non-arbitrable issues. *Id*. at 6. Additionally, the Court does not find *BKM Total Office of Cal. v. Pac. Ins. Co., Ltd.* persuasive to the extent that it ratifies the holding in *Younesi. See* No. 2005 WL 361418 at 3.

[4] The Court agrees with *Compulink* that both *Handy* and *Gray Cary Ware & Freidenrich v. Vigilant Insurance Co.*, 114 Cal. App. 4th 1185 do not stand for the proposition that mandatory arbitration becomes inapplicable to fee disputes involving independent counsel simply because there are other issues to be adjudicated at trial. 2008 WL 5235663, at *6. *Handy* simply stands for the proposition that prerequisites to arbitration must be decided by the court, and *Gray Cary* simply holds that the term "attorney's fees" in section 2860 does not include defense costs. *See Handy*, 13 Cal. App. 4th at 924; *see also Gray Cary*, 114 Cal. App. 4th at 1193. Additionally, Plaintiff's reliance on *BKM* to persuade the Court otherwise is unavailing. *BKM* is distinguishable because the insured in that case did not allege that the amount or billing rate of attorney fees was in dispute. *See* 2005 WL 361418 at *4. Instead, all of the allegations against the insurer in that case pertained to its failure to pay attorney's fees at all. *Id*.

487. The central issue in the breach of contract claim is not the amount of fees owed, although it is one of many allegations that constitute the claim. For example, Plaintiff alleges that the policy language covers lawsuit as well as pre-lawsuit claims. Additionally, the amount of fees owed to Plaintiff is not an issue in the breach of good faith and fair dealing claim. Further, Plaintiff's claim that Defendants engaged in deceptive insurance practices in violation of Chapter 541 of the Texas Insurance Code does not involve the amount or rate of fees owed to independent counsel retained by Plaintiff. These claims are independent of the fee dispute concerning the rate or amount of fees owed to independent counsel and must be adjudicated by the Court.

### III. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Compel Arbitration* is **GRANTED** in part and **DENIED** in part. The dispute concerning the fees owed to independent counsel must be submitted to arbitration in compliance with § 2860 of the California Civil Code, while all other claims in this action must be adjudicated by this Court.

**SO ORDERED**, on this 10th day of February, 2009.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE